IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL HARVEY, aka ABDUL O SHAKUR,<br><br>    Petitioner,<br><br>     v<br><br>WARDEN JACQUEZ,<br><br>    Respondent.<br>_____/ | No C-09-2353 VRW (PR)<br><br><br><br><br>ORDER OF DISMISSAL |

      Petitioner, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se petition for writ of habeas corpus, which, given the nature of the allegations contained therein, the court construes as a civil rights complaint filed pursuant to 42 USC section 1983.  Petitioner alleges that on May 1, 2009, a PBSP official confiscated a letter petitioner attempted to send to a New York attorney employed by the National Association for the Advancement of Colored People and subsequently issued a Rules Violation Report after determining "that the legal mail in question was suspicious in nature and cunningly disguised as legal mail." Doc #1 at 29.  The item in question contained "five (5) pages of

1  hand written material * * * entitled 'The Abdul Shakur Fairness and
2  Restoration Act of 2009 (ASFRA-2009).'"  Id.  Petitioner alleges the
3  official's conduct violated his constitutional rights, but
4  acknowledges that he has failed to exhaust available administrative
5  remedies with respect to this claim and asks the court to excuse the
6  failure.  Id  at 5.

7  The Prison Litigation Reform Act of 1995 ("PLRA") amended
8  42 USC section 1997e to provide that "[n]o action shall be brought
9  with respect to prison conditions under [42 USC § 1983], or any
10 other Federal law, by a prisoner confined in any jail, prison, or
11 other correctional facility until such administrative remedies as
12 are available are exhausted."  42 USC § 1997e(a).  Although once
13 within the discretion of the district court, exhaustion in prisoner
14 cases covered by section 1997e(a) is now mandatory.  Porter v
15 Nussle, 534 US 516, 524 (2002).  All available remedies now must be
16 exhausted; those remedies "need not meet federal standards, nor must
17 they be 'plain, speedy, and effective.'"  Id (citation omitted).
18 Even when the prisoner seeks relief not available in grievance
19 proceedings, notably money damages, exhaustion is a prerequisite to
20 suit.  Id; Booth v Churner, 532 US 731, 741 (2001).  Similarly,
21 exhaustion is a prerequisite to all prisoner suits about prison
22 life, whether they involve general circumstances or particular
23 episodes, and whether they allege excessive force or some other
24 wrong.  Porter, 534 US at 532.  PLRA's exhaustion requirement
25 requires "proper exhaustion" of available administrative remedies.
26 Woodford v Ngo, 548 US 81, 92-3 (2006).

**2**

1       The State of California provides its prisoners the right
2  to appeal administratively "any departmental decision, action,
3  condition or policy perceived by those individuals as adversely
4  affecting their welfare."  Cal Code Regs tit 15, § 3084.1(a) (2009).
5  It also provides them the right to file appeals alleging misconduct
6  by correctional staff.  See id § 3084.1(e).  To exhaust available
7  administrative remedies within this system, "a prisoner must proceed
8  through several levels of appeal:  (1) informal resolution; (2)
9  formal written appeal on a [California Department of Corrections and
10 Rehabilitation ("CDCR")] 602 inmate appeal form; (3) second level
11 appeal to the institution head or designee; and (4) third level
12 appeal to the director of the [CDCR]."  Barry v Ratelle, 985 F Supp
13 1235, 1237 (SD Cal 1997); Cal Code Regs tit 15, § 3084.5 (2009).
14      An action must be dismissed unless the prisoner exhausted
15 his available administrative remedies before he or she filed suit,
16 even if the prisoner fully exhausts while the suit is pending.
17 McKinney v Carey, 311 F3d 1198, 1199 (9th Cir 2002); see Vaden v
18 Summerhill, 449 F3d 1047, 1051 (9th Cir 2006) (where administrative
19 remedies are not exhausted before the prisoner sends his complaint
20 to the court it will be dismissed even if exhaustion is completed by
21 the time the complaint is actually filed).
22      Petitioner concedes that he has not exhausted his
23 administrative remedies, but states "the administrative grievance
24 process is not an option due to the length (period) most of the
25 punishment would be served by the time the administrative process is
26 exhausted."  Doc #1 at 5.

3

The PLRA, however, does not provide for any exceptions to the statutory exhaustion requirement. Accordingly, petitioner's complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative remedies. See McKinney, 311 F3d at 1199-1201; Vaden, 449 F3d at 1051.

The clerk is directed to terminate any pending motions as moot, enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.09\Harvey-09-2353-dismissed-plra exhaustion.wpd